UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 25-1462-DMG (DTBx)** | Date | June 16, 2025 |
| Title | *Paradise Service, LLC v. Mercedes-Benz USA, LLC* | Page | 1 of 2 |

Present: The Honorable    **DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE**

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO RIVERSIDE COUNTY SUPERIOR COURT**

On May 1, 2025 Plaintiff Paradise Service, LLC filed a Complaint in Riverside County Superior Court against Defendant Mercedes-Benz USA, LLC, alleging state-law causes of action under California's Song-Beverly Act. *See* Notice of Removal ("NOR"), Ex. A ("Compl.") [Doc. # 1-1].[1] On June 11, 2025, Defendant removed the action to federal court, invoking this Court's diversity jurisdiction under 28 U.S.C. section 1332(a). [Doc. # 1.]

Under 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had original jurisdiction over the action had it been filed in that court. Pursuant to 28 U.S.C. section 1332(a)(2), a district court shall have jurisdiction over a civil action between citizens of a state and citizens or subjects of a foreign state in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). As there is a "'strong presumption' against removal jurisdiction[,]" an action should be remanded "if there is any doubt as to the right of removal . . . ." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiff is an LLC, and Defendant has not alleged the citizenship of each of Plaintiff's owners or members. *See Johnson v. Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is . . . determined by [his or] her state of domicile . . . ."). Despite its assertion that Plaintiff is a California citizen, without further information about the citizenship of its owners or

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 25-1462-DMG (DTBx) | Date | June 16, 2025 |
| Title | *Paradise Service, LLC v. Mercedes-Benz USA, LLC* | Page | 2 of 2 |

members, Defendant has not demonstrated that Plaintiff is completely diverse from Defendant and that this Court has diversity jurisdiction over this case.

In light of the foregoing, Defendant is **ORDERED TO SHOW CAUSE** in writing by **June 26, 2025** why this action should not be remanded to Riverside County Superior Court for lack of subject matter jurisdiction. **Failure to timely file a satisfactory response will result in the remand of this action.**

**IT IS SO ORDERED.**